2015 VT 14

## In re Trust of Virginia B. Newman

[117 A.3d 424]

No. 14-149

Present: **Dooley, Skoglund and Robinson, JJ., and Griffin, Supr. J., and Morse, J. (Ret.), Specially Assigned**

Opinion Filed February 27, 2015

*Shannon A. Bertrand* and *John C. Newman* of *Kenlan, Schwiebert, Facey & Goss, P.C.*, Rutland, for Appellant.

*W. E. Whittington* of *Whittington Law Associates, PLLC*, Hanover, New Hampshire, and *Daphne Moritz* of *Melendy Moritz PLLC*, Woodstock, for Appellee.

¶ 1. **Skoglund, J.** Roger W. Lamson, Jr., former co-trustee of a revocable trust established by his mother Virginia B. Newman, appeals an order of the superior court, civil division, granting Roger's brother, Frank B. Lamson, summary judgment with regard to Roger's de novo appeal from an order of the probate division concluding that Roger lacked standing to bring his breach-of-trust action against Frank. For the reasons explained below, we dismiss the appeal as moot.

¶ 2. Virginia, who died on February 13, 2014 at the age of ninety-eight, created a trust in the mid-1980s after the death of her third husband.[1] Initially, she was the sole trustee, but in 1989 she resigned, and Roger was appointed sole trustee. From 1992 until 2001, Roger served as co-trustee, along with Virginia and Bank of Boston. In 2001, Roger was removed as co-trustee. In 2003, the trust was amended again, with Virginia, Roger, Frank, and Bank of America serving as co-trustees.

¶ 3. In January 2012, Roger filed a petition for accounting with the probate division based on his ongoing concerns about unexplained disbursements from the trust principal. He was suspicious that Frank had been using trust funds for his own benefit. In July 2012, Roger filed a complaint for breach of trust against Frank with the probate division.

¶ 4. In February 2013, Frank petitioned the probate division to remove Roger as co-trustee of the trust. On March 12, 2013, the probate division issued an order that: (1) removed Roger as co-trustee; (2) accepted Frank's resignation as co-trustee; (3) removed Virginia as co-trustee based on its contemporaneous order appointing a guardian for her; (4) accepted Bank of America's resignation as trustee; and (5) appointed Trust Com-

---

[1] The trust instrument, which was executed by Virginia when she was a resident of Florida, provides that all questions concerning the trust should be resolved under Florida law.

pany of Vermont (TCV) as sole trustee in accordance with TCV's conditions that Roger and Frank be removed as co-trustees, that neither of them have a power of attorney over Virginia's financial affairs, that TCV not be responsible for any acts or omissions of any predecessor trustee, and that TCV not have any duty to inquire into the administration or accounting of any predecessor trustee.

¶ 5. The probate division explained that appointing TCV as sole trustee would "remove the funds and their management from the ever escalating conflict between Roger and Frank," which had impacted their mother personally. It noted that neither Bank of America nor TCV was willing to work with Roger, whose "own waffling" on financial decisions had "helped to prolong the chaos that seems to surround administration of the trust." The probate division concluded that appointing a neutral financial institution as sole trustee was in the best interests of all of the trust beneficiaries, given the ongoing conflict between Roger and Frank, Frank's willingness to resign as long as Roger was removed, and the absence of evidence that any institutional trustee would be willing to work with either of them as co-trustees under the circumstances.

¶ 6. Roger appealed the probate division's order to the civil division.[2] On April 16, 2013, the probate division lifted the automatic stay of its decision removing Roger as co-trustee, thereby making his removal effective immediately. The following day, Roger appealed the decision to lift the stay. On April 30, 2013, the civil division ordered the completion of discovery in the trust case by August 1, 2013. In two separate orders issued in May 2013, the civil division ruled that Roger's appeal of the probate division's order lifting the stay did not serve to create a new stay but provided Roger the opportunity to request a hearing on whether the automatic stay should be reinstated. Roger did not take advantage of that opportunity.

¶ 7. Meanwhile, in the breach-of-trust case that remained with the probate division, Roger obtained access to the last of the trust accounts and had an accountant prepare a forensic accounting report. In August 2013, Frank filed a motion with the probate

---

[2] Roger also appealed the probate division's contemporaneous guardianship order appointing Beth Barrett as guardian with power over, among other things, Virginia's financial affairs. The civil division upheld that order in July 2013.

division to either substitute Virginia's guardian as the petitioner or dismiss the case based on Roger's lack of standing. In a November 19, 2013 decision, the probate division ruled that: (1) the issue of Roger's standing with respect to his petition for an accounting was moot because he had obtained all of the information necessary for an accounting; (2) Roger, as a former co-trustee and a remainder beneficiary to a revocable trust, had no standing to pursue his breach-of-trust action; (3) Virginia's guardian, Beth Barrett, was authorized to pursue the pending breach-of-trust action; and (4) that action would be dismissed if the guardian did not substitute herself as the petitioner in the action within the next thirty days.

¶ 8. In so ruling, the probate division noted that Roger had "essentially conceded" during an April 3, 2013 status conference that he did not have standing as a former trustee to pursue the breach-of-trust action. Regarding Roger's status as a remainder beneficiary, the probate division ruled that, under Florida law, as long as the trust was revocable, the trustee owed a duty only to the settlor and not to any remainder beneficiaries. It rejected on two grounds Roger's argument that he gained standing when Virginia lost testamentary capacity: (1) although the probate division found that Virginia was in need of a guardian, no court had determined that she had lost testamentary capacity; and (2) in any event, neither Florida nor Vermont had adopted language from the Uniform Trust Code allowing remainder beneficiaries to assert their rights when a settlor of a revocable trust was deemed to have lost her testamentary capacity. Hence, the probate division concluded that no duty was owed to Roger, as a remainder beneficiary, as long as Virginia was alive.

¶ 9. Moreover, the probate division ruled that Virginia's guardian could maintain an action for breach of trust, and that dismissing Roger as an interested party would not prevent Virginia, through her guardian, from asserting her trust interests. In short, while agreeing with Roger that there must be a remedy for a breach of trust, the probate division concluded that Virginia's guardian could pursue such a remedy, but that, as a remainder beneficiary, Roger had no standing to do so prior to Virginia's death. On December 4, 2013, Roger appealed the probate division's November 19 decision to the civil division.

¶ 10. On December 5, 2013, Virginia's guardian moved in the probate division to substitute herself for Roger as the petitioner

in the breach-of-trust action. The probate division granted that unopposed motion in January 2014.

¶ 11. Meanwhile, on December 13, 2013, Frank moved in the civil division for summary affirmance of the probate division's November 19 order. On December 18, 2013, the civil division issued a brief order stating that the narrow issue of standing is "appropriate to decide based upon the pleadings." In that order, it concluded that Frank's motion amounted to a motion for summary judgment concerning the probate division's ruling that Roger lacked standing to pursue the breach-of-trust action. The civil division gave Frank until December 31, 2013 to file any additional pleadings in support of the summary judgment motion, and gave Roger until February 1, 2014 to file any opposition to the motion. It stated that no discovery would be allowed on the standing issue.

¶ 12. On December 19, 2013, Frank filed his statement of uncontested facts. Roger filed three separate documents on January 31, 2014 in opposition to Frank's motion. Roger asserted, among other things, that he was the only person entitled to bring the breach-of-trust action because before he was removed as trustee: (1) he had standing to request an accounting and pursue his breach-of-trust claims; and (2) the probate division found Virginia to be in need of a guardian, thereby making his rights as a beneficiary "no longer subject to [Virginia's] control."

¶ 13. On February 20, 2014, the civil division issued a decision granting Frank's motion for summary affirmance of the probate division's November 19 order. It concluded that because Roger was neither a co-trustee nor a current beneficiary of the trust, he did not have a current interest in the trust and therefore did not have standing with respect to the breach-of-trust action. The civil division declined to consider Roger's statement of questions, stating that Roger could not bootstrap his other assertions onto his appeal when he lacked standing to bring those allegations before the probate division.

¶ 14. On March 4, 2014, Roger filed a motion to alter or amend the February 20 decision, asserting that he had standing with respect to the breach-of-trust action because Virginia died on February 13, 2014. In an April 8, 2014 order, the civil division denied the motion, stating Roger had failed to identify any mistake in its February 20 order insofar as the fact of Virginia's death was not made known to the court until March 4, and that,

because of Virginia's death, Roger now had standing as a beneficiary to bring his claims against Frank, as the parties had stipulated.

¶ 15. On appeal to this Court, Roger argues that the civil division's order granting Frank summary judgment based on Roger's lack of standing was erroneous because: (1) the civil division had to resolve his appeal of the probate division's decision to remove him as co-trustee before finding that he lacked standing to pursue the breach-of-trust action; (2) its decision impaired his ability as co-trustee to fulfill his duties to safeguard the trust; and (3) he was not afforded an adequate opportunity to conduct discovery.

¶ 16. ■ ■ We need not delve too deeply into any of these claims of error because, notwithstanding Roger's protestations to the contrary, his appeal is moot. "A case becomes moot if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Skaskiw v. Vt. Agency of Agric.*, 2014 VT 133, ¶ 33, 198 Vt. 187, 112 A.3d 1277 (quotation omitted). "A case that originally presented an actual controversy may become moot if the facts or circumstances of the case change such that we can no longer grant effective relief." *Id.* (quotation omitted). That is what occurred here. When Virginia died, the parties agreed that Roger could pursue, as a beneficiary, his breach-of-trust action against Frank — and that is what he is doing in a separate case.

¶ 17. Roger argues that the appeal is not moot, notwithstanding his ability to pursue the breach-of-trust case as a beneficiary, because if his trustee status were reinstated, he could request a trustee fee and attorney's fees for the work he did in bringing the breach-of-trust case against Frank. See 14A V.S.A. § 708(a) ("If the terms of a trust do not specify the trustee's compensation, a trustee is entitled to compensation that is reasonable under the circumstances."); *id.* § 709(a)(1) ("A trustee is entitled to be reimbursed out of the trust property . . . for . . . expenses that were properly incurred in the administration of the trust."). This argument is unavailing. In a February 7, 2014 motion, Roger sought, "as a former co-trustee," $34,813 in legal fees "to obtain the financial information necessary to prepare a trustee report . . . being used by the current income beneficiary's guardian as the basis for an investigation into a potential claim for breach of

trust." On September 17, 2014, in response to that motion, the probate division awarded Roger $6270 in attorney's fees. In short, Roger could, and in fact did, seek and obtain reimbursement for expenses he incurred as co-trustee.[3] He may also seek legal fees as a beneficiary in his breach-of-trust action. See 14A V.S.A. § 1004 (providing that probate division may award "any party," including beneficiaries, "costs and expenses, including reasonable attorney's fees" in judicial proceeding involving administration of trust).

¶ 18. Roger also suggests that he had continuing duties as a co-trustee, and even implies that a reversal of the probate division's removal decision would reinstate him retroactively as co-trustee. We reject these notions. At the time the probate division removed Roger as co-trustee, it appointed a new trustee and gave Virginia's guardian the opportunity, which she took, of replacing herself as the petitioner in the pending breach-of-trust action. On April 16, 2013, the probate division lifted the automatic stay of its removal decision, which effected an immediate removal of Roger as co-trustee. See V.R.P.P. 62(a), (c) (allowing court to lift automatic stay during pendency of appeal). The civil division ruled that Roger's appeal of the lifting of the stay did not create a new stay, but issued an order emphasizing that Roger could challenge the vacation of the stay, stating that "if any party wishes a hearing on whether the stay should be reinstated while the remaining trust issues are on appeal, they may request a hearing within 10 days," in which case the court would "then schedule a hearing on the narrow issue of reinstating the stay during the pendency of the appeal . . . in the trust case." Roger did not take advantage of this opportunity to request a hearing on the lifting of the stay. Hence, his removal as co-trustee became effective as of April 16, 2013. Even if the removal decision were reversed, he would not regain that status retroactively for the interim period between that date and the reversal date.

---

[3] At oral argument before this Court, Roger stated that the $6270 fee award represented expenses incurred only with respect to his petition for an accounting. We note that in Roger's January 31, 2014 response to Frank's statement of uncontested facts, Roger cites as one of his claims a request for legal fees "incurred by him in bringing his accounting action," but does not mention any other claim for legal fees particular to the breach-of-trust action. In any event, nothing prevented Roger from seeking fees for expenses incurred as a former co-trustee in the breach-of-trust action.

¶ 19. In light of our mootness determination, we need not address the other issues Roger raises concerning the superior court's standing rulings. Further, we reject Roger's contention that the civil division's failure to afford him a de novo hearing on his removal as co-trustee before ruling on his standing to pursue the breach-of-trust action violates his right to a remedy under Chapter I, Article 4, of the Vermont Constitution. As explained above, given the current circumstances of this case, we can no longer provide effective relief in his appeal from the civil division's standing ruling.

*Appeal dismissed as moot.*