2015 VT 14
 








In re Trust of Virginia B. Newman
(2014-149)


 


2015 VT 14


 


[Filed 27-Feb-2015]


 


NOTICE:  This opinion is subject
to motions for reargument under V.R.A.P. 40 as well as formal revision before
publication in the Vermont Reports.  Readers are requested to notify the
Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by mail at: Vermont
Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors
in order that corrections may be made before this opinion goes to press.


 


 




 
 

 
 
 2015 VT 14

 

 

 



 




 
 

 
 
 No. 2014-149

 

 

 



 




 
 

 
 
 In re Trust of Virginia B.
 Newman

 

 
 
 Supreme Court

 

 

 

 
 
  

 

 
 
  

 

 

 

 
 
  

 

 
 
 On Appeal from

 

 

 

 
 
     

 

 
 
 Superior Court, Windsor Unit,

 

 

 

 
 
  

 

 
 
 Civil Division

 

 

 

 
 
  

 

 
 
  

 

 

 

 
 
  

 

 
 
 October Term, 2014

 

 

 

 
 
  

 

 
 
  

 

 

 

 
 
  

 

 
 
  

 

 

 

 
 
 Harold
 E. Eaton, Jr., J.

 

 

 

 
 
  

 

 

 



Shannon A. Bertrand and John C. Newman of Kenlan,
Schwiebert, Facey & Goss, P.C., Rutland,


  for Appellant.


 


W. E. Whittington of Whittington Law Associates, PLLC,
Hanover, New Hampshire, and 


  Daphne Moritz of Melendy Moritz PLLC, Woodstock, for
Appellee.


 


 


PRESENT:  Dooley, Skoglund and Robinson, JJ., and Griffin,
Supr. J., and Morse, J. (Ret.), 


                    
Specially Assigned


 


 


¶ 1.            
SKOGLUND, J.   Roger W. Lamson, Jr., former co-trustee of a
revocable trust established by his mother Virginia B. Newman, appeals an order
of the superior court, civil division, granting Roger’s brother, Frank B. Lamson,
summary judgment with regard to Roger’s de novo appeal from an order of the probate
division concluding that Roger lacked standing to bring his breach-of-trust action
against Frank.  For the reasons explained below, we dismiss the appeal as moot.


¶ 2.            
Virginia, who died on February 13, 2014 at the age of ninety-eight,
created a trust in the mid-1980s after the death of her third husband.[1] 
Initially, she was the sole trustee, but in 1989 she resigned, and Roger was
appointed sole trustee.  From 1992 until 2001, Roger served as co-trustee,
along with Virginia and Bank of Boston.  In 2001, Roger was removed as
co-trustee.  In 2003, the trust was amended again, with Virginia, Roger, Frank,
and Bank of America serving as co-trustees.


¶ 3.            
In January 2012, Roger filed a petition for accounting with the probate
division based on his ongoing concerns about unexplained disbursements from the
trust principal.  He was suspicious that Frank had been using trust funds for
his own benefit.  In July 2012, Roger filed a complaint for breach of trust
against Frank with the probate division.


¶ 4.            
In February 2013, Frank petitioned the probate division to remove Roger
as co-trustee of the trust.  On March 12, 2013, the probate division issued an
order that: (1) removed Roger as co-trustee; (2) accepted Frank’s resignation
as co-trustee; (3) removed Virginia as co-trustee based on its contemporaneous
order appointing a guardian for her; (4) accepted Bank of America’s resignation
as trustee; and (5) appointed Trust Company of Vermont (TCV) as sole trustee in
accordance with TCV’s conditions that Roger and Frank be removed as
co-trustees, that neither of them have a power of attorney over Virginia’s
financial affairs, that TCV not be responsible for any acts or omissions of any
predecessor trustee, and that TCV not have any duty to inquire into the administration
or accounting of any predecessor trustee.


¶ 5.            
The probate division explained that appointing TCV as sole trustee would
“remove the funds and their management from the ever escalating conflict
between Roger and Frank,” which had impacted their mother personally.  It noted
that neither Bank of America nor TCV was willing to work with Roger, whose “own
waffling” on financial decisions had “helped to prolong the chaos that seems to
surround administration of the trust.”  The probate division concluded that
appointing a neutral financial institution as sole trustee was in the best
interests of all of the trust beneficiaries, given the ongoing conflict between
Roger and Frank, Frank’s willingness to resign as long as Roger was removed,
and the absence of evidence that any institutional trustee would be willing to
work with either of them as co-trustees under the circumstances. 


¶ 6.            
Roger appealed the probate division’s order to the civil division.[2]
 On April 16, 2013, the probate division lifted the automatic stay of its
decision removing Roger as co-trustee, thereby making his removal effective immediately. 
The following day, Roger appealed the decision to lift the stay.  On April 30,
2013, the civil division ordered the completion of discovery in the trust case by
August 1, 2013.  In two separate orders issued in May 2013, the civil division
ruled that Roger’s appeal of the probate division’s order lifting the stay did
not serve to create a new stay but provided Roger the opportunity to request a
hearing on whether the automatic stay should be reinstated.  Roger did not take
advantage of that opportunity.


¶ 7.            
Meanwhile, in the breach-of-trust case that remained with the probate division,
Roger obtained access to the last of the trust accounts and had an accountant
prepare a forensic accounting report.  In August 2013, Frank filed a motion with
the probate division to either substitute Virginia’s guardian as the petitioner
or dismiss the case based on Roger’s lack of standing.  In a November 19, 2013
decision, the probate division ruled that: (1) the issue of Roger’s standing
with respect to his petition for an accounting was moot because he had obtained
all of the information necessary for an accounting; (2) Roger, as a former
co-trustee and a remainder beneficiary to a revocable trust, had no standing to
pursue his breach-of-trust action;  (3) Virginia’s guardian, Beth Barrett, was
authorized to pursue the pending breach-of-trust action; and (4) that action
would be dismissed if the guardian did not substitute herself as the petitioner
in the action within the next thirty days.


¶ 8.            
In so ruling, the probate division noted that Roger had “essentially
conceded” during an April 3, 2013 status conference that he did not have
standing as a former trustee to pursue the breach-of-trust action.  Regarding Roger’s
status as a remainder beneficiary, the probate division ruled that, under
Florida law, as long as the trust was revocable, the trustee owed a duty only
to the settlor and not to any remainder beneficiaries.  It rejected on two
grounds Roger’s argument that he gained standing when Virginia lost
testamentary capacity: (1) although the probate division found that Virginia
was in need of a guardian, no court had determined that she had lost testamentary
capacity; and (2) in any event, neither Florida nor Vermont had adopted
language from the Uniform Trust Code allowing remainder beneficiaries to assert
their rights when a settlor of a revocable trust was deemed to have lost her
testamentary capacity.  Hence, the probate division concluded that no duty was
owed to Roger, as a remainder beneficiary, as long as Virginia was alive.


¶ 9.            
Moreover, the probate division ruled that Virginia’s guardian could
maintain an action for breach of trust, and that dismissing Roger as an
interested party would not prevent Virginia, through her guardian, from
asserting her trust interests.  In short, while agreeing with Roger that there
must be a remedy for a breach of trust, the probate division concluded that
Virginia’s guardian could pursue such a remedy, but that, as a remainder
beneficiary, Roger had no standing to do so prior to Virginia’s death.  On
December 4, 2013, Roger appealed the probate division’s November 19 decision to
the civil division.


¶ 10.        
On December 5, 2013, Virginia’s guardian moved in the probate division to
substitute herself for Roger as the petitioner in the breach-of-trust action.  The
probate division granted that unopposed motion in January 2014.


¶ 11.        
Meanwhile, on December 13, 2013, Frank moved in the civil division for
summary affirmance of the probate division’s November 19 order.  On December
18, 2013, the civil division issued a brief order stating that the narrow issue
of standing is “appropriate to decide based upon the pleadings.”  In that
order, it concluded that Frank’s motion amounted to a motion for summary
judgment concerning the probate division’s ruling that Roger lacked standing to
pursue the breach-of-trust action.  The civil division gave Frank until
December 31, 2013 to file any additional pleadings in support of the summary
judgment motion, and gave Roger until February 1, 2014 to file any opposition
to the motion.  It stated that no discovery would be allowed on the standing
issue.


¶ 12.        
On December 19, 2013, Frank filed his statement of uncontested facts.  Roger
filed three separate documents on January 31, 2014 in opposition to Frank’s
motion.  Roger asserted, among other things, that he was the only person
entitled to bring the breach-of-trust action because before he was removed as
trustee: (1) he had standing to request an accounting and pursue his breach-of-trust
claims; and (2) the probate division found Virginia to be in need of a guardian,
thereby making his rights as a beneficiary “no longer subject to [Virginia’s]
control.”


¶ 13.        
On February 20, 2014, the civil division issued a decision granting
Frank’s motion for summary affirmance of the probate division’s November 19
order.  It concluded that because Roger was neither a co-trustee nor a current
beneficiary of the trust, he did not have a current interest in the trust and
therefore did not have standing with respect to the breach-of-trust action.  The
civil division declined to consider Roger’s statement of questions, stating
that Roger could not bootstrap his other assertions onto his appeal when he
lacked standing to bring those allegations before the probate division.


¶ 14.        
On March 4, 2014, Roger filed a motion to alter or amend the February 20
decision, asserting that he had standing with respect to the breach-of-trust
action because Virginia died on February 13, 2014.  In an April 8, 2014 order,
the civil division denied the motion, stating Roger had failed to identify any
mistake in its February 20 order insofar as the fact of Virginia’s death was
not made known to the court until March 4, and that, because of Virginia’s
death, Roger now had standing as a beneficiary to bring his claims against
Frank, as the parties had stipulated.


¶ 15.        
On appeal to this Court, Roger argues that the civil division’s order
granting Frank summary judgment based on Roger’s lack of standing was erroneous
because: (1) the civil division had to resolve his appeal of the probate
division’s decision to remove him as co-trustee before finding that he lacked
standing to pursue the breach-of-trust action; (2) its decision impaired his
ability as co-trustee to fulfill his duties to safeguard the trust; and (3) he
was not afforded an adequate opportunity to conduct discovery.


¶ 16.        
We need not delve too deeply into any of these claims of error because,
notwithstanding Roger’s protestations to the contrary, his appeal is moot.  “A
case becomes moot if the issues presented are no longer live or the parties
lack a legally cognizable interest in the outcome.”  Skaskiw v. Vt. Agency
of Transp., 2014 VT 133, ¶ 33, ___ Vt. ___, ___ 

A.3d ___ (quotation omitted).  “A case that originally presented an actual
controversy may become moot if the facts or circumstances of the case change
such that we can no longer grant effective relief.”  Id. (quotation
omitted).  That is what occurred here.  When Virginia died, the parties agreed
that Roger could pursue, as a beneficiary, his breach-of-trust action against
Frank—and that is what he is doing in a separate case.


¶ 17.        
Roger argues that the appeal is not moot, notwithstanding his ability to
pursue the breach-of-trust case as a beneficiary, because if his trustee status
were reinstated, he could request a trustee fee and attorney’s fees for the
work he did in bringing the breach-of-trust case against Frank.  See 14A V.S.A.
§ 708(a) (“If the terms of a trust do not specify the trustee’s compensation,
a trustee is entitled to compensation that is reasonable under the
circumstances.”); id. § 709(a)(1) (“A trustee is entitled to be
reimbursed out of the trust property . . . for . . . expenses
that were properly incurred in the administration of the trust.”).  This
argument is unavailing.  In a February 7, 2014 motion, Roger sought, “as a
former co-trustee,” $34,813 in legal fees “to obtain the financial information
necessary to prepare a trustee report . . . being used by the current income beneficiary’s
guardian as the basis for an investigation into a potential claim for breach of
trust.”  On September 17, 2014, in response to that motion, the probate
division awarded Roger $6270 in attorney’s fees.  In short, Roger could, and in
fact did, seek and obtain reimbursement for expenses he incurred as co-trustee.[3] 
He may also seek legal fees as a beneficiary in his breach-of-trust action. 
See 14A V.S.A. § 1004 (providing that probate division may award “any
party,” including beneficiaries, “costs and expenses, including reasonable
attorney’s fees” in judicial proceeding involving administration of trust).


¶ 18.        
Roger also suggests that he had continuing duties as a co-trustee, and
even implies that a reversal of the probate division’s removal decision would
reinstate him retroactively as co-trustee.  We reject these notions.  At the
time the probate division removed Roger as co-trustee, it appointed a new
trustee and gave Virginia’s guardian the opportunity, which she took, of
replacing herself as the petitioner in the pending breach-of-trust action.  On
April 16, 2013, the probate division lifted the automatic stay of its removal
decision, which effected an immediate removal of Roger as co-trustee.  See
V.R.P.P. 62(a), (c) (allowing court to lift automatic stay during pendency of appeal). 
The civil division ruled that Roger’s appeal of the lifting of the stay did not
create a new stay, but issued an order emphasizing that Roger could challenge
the vacation of the stay, stating that “if any party wishes a hearing on
whether the stay should be reinstated while the remaining trust issues are on
appeal, they may request a hearing within 10 days,” in which case the court
would “then schedule a hearing on the narrow issue of reinstating the stay
during the pendency of the appeal . . . in the trust case.”  Roger did not take
advantage of this opportunity to request a hearing on the lifting of the stay. 
Hence, his removal as co-trustee became effective as of April 16, 2013.  Even if
the removal decision were reversed, he would not regain that status retroactively
for the interim period between that date and the reversal date.


¶ 19.        
In light of our mootness determination, we need not address the other
issues Roger raises concerning the superior court’s standing rulings.  Further,
we reject Roger’s contention that the civil division’s failure to afford him a
de novo hearing on his removal as co-trustee before ruling on his standing to
pursue the breach-of-trust action violates his right to a remedy under Chapter
I, Article 4, of the Vermont Constitution.  As explained above, given the
current circumstances of this case, we can no longer provide effective relief
in his appeal from the civil division’s standing ruling.


Appeal
dismissed as moot.


 




 
 

 
 
  

 

 
 
  

 

 
 
 FOR THE COURT:

 

 

 

 
 
  

 

 
 
  

 

 
 
  

 

 

 

 
 
  

 

 
 
  

 

 
 
  

 

 

 

 
 
  

 

 
 
  

 

 
 
  

 

 

 

 
 
  

 

 
 
  

 

 
 
 Associate
 Justice

 

 

 



 












[1] 
The trust instrument, which was executed by Virginia when she was a resident of
Florida, provides that all questions concerning the trust should be resolved
under Florida law.







[2] 
Roger also appealed the probate division’s contemporaneous guardianship order appointing
Beth Barrett as guardian with power over, among other things, Virginia’s
financial affairs.  The civil division upheld that order in July 2013.







[3] 
At oral argument before this Court, Roger stated that the $6270 fee award represented
expenses incurred only with respect to his petition for an accounting.  We note
that in Roger’s January 31, 2014 response to Frank’s statement of uncontested
facts, Roger cites as one of his claims a request for legal fees “incurred by
him in bringing his accounting action,” but does not mention any other claim
for legal fees particular to the breach-of-trust action.  In any event, nothing
prevented Roger from seeking fees for expenses incurred as a former co-trustee
in the breach-of-trust action.